GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing the suit of SWAN-CO Broadcasting, Inc. d/b/a WBYU-FM (hereinafter “BYU”) against Red Janitorial Service Co. Inc. (hereinafter “Red”) to collect a past-due bill in the amount of $1,003.85. From that judgment, which we reverse, BYU appeals.
BYU’s sales agent solicited Red’s general sales manager for the purpose of selling radio time. Red’s sales manager told BYU to see Ann Klein. That same day, Klein telephoned BYU and ordered several radio spots. Klein’s final bill, which was paid by Red, included the cost of the BYU time. Klein failed to pay BYU and BYU sued Red.[1] BYU’s suit was brought as a suit on an open account.
At trial, BYU argued that Klein was the agent of Red, against whom they should be allowed to collect. They also argued that in the absence of a written contract of agency, they should be allowed to rely upon Klein’s authority. Red argued that because they did not pay her a fee for her services, but rather her payment consisted of a 15% commission or “agency discount” from BYU, she was the agent of the radio station. The evidence further indicated that it is customary in the advertising industry to offer “agency discounts” as a means of encouraging the public to use the services of an ad agency and to relieve the advertising medium of internal production and administrative costs which are assumed by the agency. Defendant’s advertising expert further testified that agency discounts do not imply contracts of employment or agency. The trial court’s judgment is primarily anchored in the “concept” that the agency discount is an improper business practice. The legality of an agency discount was not an issue before the trial court and we find that the trial judge was manifestly erroneous in resolving the case on this point.
At trial, Red’s general sales agent testified that he directed BYU to Ann Klein. *303 This holding out of Klein as Red’s agent by Red is sufficient to bind Red as principal and protect good faith third parties dealing with Red’s agent upon Red’s instructions.
Because BYU has complied with all provisions of R.S. 9:2781, it is entitled to reasonable attorney’s fees.
For the reasons discussed, the judgment of the district court is reversed and we render judgment as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the plaintiff SWANCO BROADCASTING, INC. d/b/a FM RADIO STATION WBYU and against the defendant, RED JANITORIAL SERVICE CO., INC. in the amount of ONE THOUSAND THREE AND 85/100 ($1,003.85) DOLLARS, plus legal interest from the date of judicial demand until paid, plus all costs and attorney’s fees in the amount of 25% of the principal and interest.

REVERSED AND RENDERED.

. Red had also contracted directly with BYU to buy additional time but Red paid BYU and that transaction is not at issue.